This proceeding was correct and necessary. Publications scandalizing the court, or intending unduly to influence, or overawe their deliberations, are con-tempts which they are ^authorized to punish by [*5191 attachment; and, indeed, it is essential to their dignity of character, their utility and independence, that they should possess and exercise this authority. The defendant did not show cause in person, in pursuance of the rule, but he appeared by attorney, and in an affidavit disavowed any intentional disrespect to the court, or any intent that was contemptuous and unlawful. He stated, that the offensive remarks were produced in the course of an *656 editorial controversy on the subject of Croswell’s trial, with another newspaper, entitled the Plebeian. The court considered this affidavit as not going in justification, but only in excuse of the publication; and that, on such occasions, the defendant ought to appear in proper person, and answer. Accordingly, the rule for an attachment was made absolute. He is now brought in upon attachment, and admits himself the publisher of the remarks in question, and again clears himself by oath of all intentional disrespect or contempt. We have no reason to doubt the truth of the defendant’s affidavit, which exculpates him from any criminal design, and we have nothing to do, under the present process, with the seditious or libellous nature of the publications, any farther than they relate to a charge of contempt against this court. The defendant’s excuse is entitled to its full consideration. On the one hand, we cannot but perceive that the disavowal of any bad intent will not do away with the pernicious tendency or effect of publications(a) reflecting on judicial proceedings which are before us. On the other hand, when the causes which led to the publication are frankly stated, and that the discussion originated in an opposite and rival paper; when we consider the irritation which these publications must have prod uced, and the unguarded license with which all questions of general concern have been usually treated in our 'public prints, we think the present case, under all its circumstances, does not require any serious animadversions. When a case is made out, in which there appears sufficient evidence of an intentional contempt, we should deem it our indispensable duty to inflict a punishment strong and exemplary. But, we trust, the notice we take of [*520] the present case will *answer all the ends of justice, by serving as a sufficient warning to the defendant and others, not to presume to use language which must be understood as reflecting upon, or threatening the court in respect to questions then under investigation. *657 The judgment of the court, therefore, is, that the defendant pay a fine of ten dollars, and stand committed till it be paid.

 Therefore a good intent would not be a justification, ut semb.